**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4691**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AMY DIOEN BURCH,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:11-cr-00078-TLW-8)

———————

Submitted:  January 22, 2013      Decided:  January 24, 2013

———————

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Thomas McBratney, III, MCBRATNEY LAW FIRM, P.A., Florence, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amy Dioen Burch appeals her seventy-eight-month sentence imposed after her guilty plea to conspiracy to possess with intent to distribute 280 grams or more of cocaine base ("crack"). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but raising the following issues: (1) whether the district court complied with Fed. R. Crim. P. 11 while conducting Burch's plea hearing; (2) whether the district court erred in denying Burch's motion for a variance sentence based on the factors set forth in 18 U.S.C. § 3553(a) (2006); and (3) whether Burch's sentence was unreasonable. For the reasons that follow, we affirm.

First, because Burch did not move to withdraw her guilty plea in the district court or raise any objections to the Rule 11 colloquy, we review the colloquy for plain error. United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002). We find that the district court substantially complied with Rule 11's requirements. Second, because review of the sentencing hearing reveals that the district court understood its ability to grant Burch's motion for a variance, but chose to deny the motion, we cannot review that decision on appeal. See United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008) (noting that we lack the authority to review a district court's denial of a

2

downward departure unless the district court failed to understand its authority to do so).

Finally, we find Burch's seventy-eight-month sentence was reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007) (providing reasonableness review using an abuse of discretion standard). We find no significant procedural errors, id.; United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008), and find that the sentence is substantively reasonable. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Review the record reveals that Burch was sentenced at the bottom of her correctly calculated advisory Sentencing Guidelines range, after the court granted the Government's three-level reduction for substantial assistance under U.S. Sentencing Guidelines Manual § 5K1.1 (2010). Moreover, Burch fails to rebut the appellate presumption that her properly calculated, within-Guidelines sentence is presumptively reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

We have examined the entire record under Anders, including the issues raised in Burch's pro se supplemental brief, and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Burch, in writing, of the right to petition the Supreme Court of the United States for further review. If Burch requests that a petition be filed, but

3

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Burch. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED